DON E. LANSON, SBN 163414
MANFREDI, LEVINE, ECCLES & MILLER, APC
dlanson@mlem.com
3262 E. Thousand Oaks Blvd., Suite 200
Westlake Village, CA 91362-3400
Telephone: (805) 379-1919
Facsimile: (805) 379-3819

Attorneys for Defendant
CALABASAS FUNDING CORPORATION
dba CFC MORTGAGE BANKERS

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> CALABASAS FUNDCING CORPORATION dba CFC MORTGAGE BANKERS, a California corporation <br><br> Defendant. | Case No.: CV08-03272-PVT <br> [Complaint Filed: 7/8/08] <br><br> **ANSWER OF DEFENDANT CALABASAS FUNDING CORPORATION dba CFC MORTGAGE BANKERS TO COMPLAINT** |

Defendant CALABASAS FUNDING CORPORATION dba CFC MORTGAGE BANKERS ("**CFC**"), in answering the Complaint For Declaratory Relief (the "**Complaint**") filed by Plaintiff INDIAN HARBOR INSURANCE COMPANY ("**Indian Harbor**"), admits, denies and alleges as follows:

## NATURE OF THE ACTION

1. Answering paragraph 1 of the Complaint, CFC is without sufficient information or belief to enable CFC to be able to answer the allegations set forth therein, and on that basis, CFC denies each and every allegation.

/ / /

/ / /

/ / /

## PARTIES

2. Answering paragraph 2 of the Complaint, CFC is without sufficient information or belief to enable CFC to be able to answer the allegations set forth therein, and on that basis, CFC denies each and every allegation.

3. Answering paragraph 3 of the Complaint, CFC admits the allegations contained therein.

## JURISDICTION

4. Answering paragraph 4 of the Complaint, CFC is without sufficient information or belief to enable CFC to be able to answer the allegations set forth therein, and on that basis, CFC denies each and every allegation.

## VENUE

5. Answering paragraph 5 of the Complaint, CFC is without sufficient information or belief to enable CFC to be able to answer the allegations set forth therein, and on that basis, CFC denies each and every allegation.

## INTRADISTRICT ASSIGNMENT

6. Answering paragraph 6 of the Complaint, CFC is without sufficient information or belief to enable CFC to be able to answer the allegations set forth therein, and on that basis, CFC denies each and every allegation.

## STATEMENT OF FACTS

7. Answering paragraph 7 of the Complaint, CFC admits that Indian Harbor issued the noted policy of insurance but lacks sufficient information and belief to know whether the documents attached to the Complaint comprise the entirety of the insurance contract.

8. Answering paragraph 8 of the Complaint, CFC admits the allegations contained therein.

9. Answering paragraph 9 of the Complaint, CFC admits the allegations contained therein.

///

Manfredi, Levine, Eccles & Miller
3262 E. Thousand Oaks Blvd., Suite 200
Westlake Village, California 91362-3400

10. Answering paragraph 10 of the Complaint, CFC admits the allegations contained therein.

# FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
# DUTY TO DEFEND

11. Answering paragraph 11 of the Complaint, CFC repeats and incorporates herein by reference each and every denial, admission and allegation set forth in paragraphs 1 through 10 of this Answer.

12. Answering paragraph 12 of the Complaint, CFC is without sufficient information or belief to enable CFC to be able to answer the allegations set forth therein, and on that basis, CFC denies each and every allegation.

13. Answering paragraph 13 of the Complaint, CFC admits that it contends that Indian Harbor has a duty to defend with respect to the Underlying Action, but denies each and every other allegation asserted.

14. Answering paragraph 14 of the Complaint, CFC denies each and every allegation contained therein.

# SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF
# DUTY TO INDEMNIFY

15. Answering paragraph 15 of the Complaint, CFC repeats and incorporates herein by reference each and every denial, admission and allegation set forth in paragraphs 1 through 14 of this Answer.

16. Answering paragraph 16 of the Complaint, CFC is without sufficient information or belief to enable CFC to be able to answer the allegations set forth therein, and on that basis, CFC denies each and every allegation.

17. Answering paragraph 17 of the Complaint, CFC admits that it contends that Indian Harbor has a duty to defend with respect to the Underlying Action, but denies each and every other allegation asserted.

18. Answering paragraph 18 of the Complaint, CFC denies each and every allegation contained therein.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSES

### (Failure to State a Cause of Action)

1. The allegations of the Complaint fail to state facts sufficient to constitute a cause of action against CFC.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2. Each and every cause of action alleged against CFC is barred in its entirety by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. As to each cause of action alleged in the Complaint, Indian Harbor is estopped from seeking relief therein due to its own acts or omissions with reference to the subject matter of the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. Indian Harbor has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, or other conduct, if any, alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure of Cooperation)

5. CFC alleges that there was a failure of the condition of cooperation on the part of Indian Harbor, thereby barring its causes of action herein.

## SIXTH AFFIRMATIVE DEFENSE

### (Anticipatory Repudiation)

6. CFC alleges that Indian Harbor impliedly or expressly repudiated the agreement, if any existed, and is therefore guilty of breach by anticipatory repudiation.

## SEVENTH AFFIRMATIVE DEFENSE
### (Ratification)

7.  Indian Harbor is barred from asserting each and all of its causes of action by reason of its ratification of the conduct of CFC, and CFC's rights and remedies under the agreement that is the subject of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Consent)

8.  Indian Harbor and/or its agents have at all times given their consent, express or implied, to any acts, omissions, representations, and courses of conduct of CFC as alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Offset)

9.  CFC alleges that it has incurred damages and expenses in amount to be ascertained and applied as an offset against Indian Harbor's claims.

## TENTH AFFIRMATIVE DEFENSE
### (Unfair Business Practice)

10. CFC alleges that Indian Harbor's claims are barred in whole or in part on the grounds of Indian Harbor's own culpability and its unlawful business practices.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Privilege/Justification)

11. CFC alleges that recovery on the Complaint, and each cause of action alleged therein, is barred in whole or in part on the ground that every action undertaken with respect to Indian Harbor was privileged and/or justified.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

12. CFC alleges that the Complaint, and each cause of action alleged therein, is barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

18.     CFC is informed and believes that Indian Harbor's Complaint was filed in the wrong venue and thus is barred under the provisions of 28 U.S.C. §1406(a).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Inconvenient Forum)

19.     CFC is informed and believes that Indian Harbor's Complaint was not filed in the most convenient forum, and thus the action should either be dismissed or transferred to the United States District Court, Central District, under and pursuant to the provisions of 28 U.S.C. §1404(a).

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

20.     CFC presently has insufficient knowledge or information in which to form a belief as to whether it may have an additional, as yet unstated, affirmative defense(s) available.  CFC reserves herein the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

**WHEREFORE**, CFC prays for judgment in its favor as against Indian Harbor, as follows:

1. That the Complaint be dismissed;
2. That Indian Harbor take nothing by way of its Complaint;
3. That CFC have judgment against Indian Harbor;
4. For all costs of suit herein;
5. For reasonable attorney fees as allowed by law;

/ / /
/ / /
/ / /
/ / /

      6.    For such other and further relief as the Court may deem just and proper.

Dated: July 22, 2008

MANFREDI, LEVINE, ECCLES & MILLER, APC

By: _____
DON E. LANSON
Attorneys for Defendant,
CALABASAS FUNDING
CORPORATION dba CFC
MORTGAGE BANKERS

MANFREDI, LEVINE, ECCLES & MILLER
3262 E. THOUSAND OAKS BLVD., SUITE 200
WESTLAKE VILLAGE, CALIFORNIA 91362-3400

# PROOF OF SERVICE

COUNTY OF VENTURA   )
                    ) ss.
STATE OF CALIFORNIA )

I, the undersigned, hereby declare that: I am over the age of 18 and not a party to the within action. I am employed in the County of Ventura, State of California. My business address is Manfredi, Levine, Eccles & Miller, APC, 3262 E. Thousand Oaks Boulevard, Suite 200, Westlake Village, California 91362.

On July 23, 2008, I served the foregoing document(s) described as:

**ANSWER OF DEFENDANT CALABASAS FUNDING CORPORATION dba CFC MORTGAGE BANKERS TO COMPLAINT**

on the interested parties by placing a true copy thereof in a sealed enveloped addressed as follows:

Christopher Robert Wagner, Esq.
Peter Schwartz, Esq.
Gordon & Rees
633 W. 5th Street, Suite 4900
Los Angeles, CA 90071
Tel: (213) 576-5000
Fax: (213) 680-4470

in the following manner:

[X] **VIA REGULAR MAIL**: h envelope(s) to the offices of the addressee(s) pursuant to.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration is executed on July 23, 2008, at Westlake Village, California.

_Theresa Hertz_
Theresa Hertz

*Manfredi, Levine, Eccles & Miller*
*3262 E. Thousand Oaks Blvd., Suite 200*
*Westlake Village, California 91362-3400*