1  PETER SCHWARTZ (SBN: 109859)
   CHRISTOPHER R. WAGNER (SBN: 162092)
2  GORDON & REES LLP
   633 West Fifth Street, Suite 4900
3  Los Angeles, CA 90071
   Telephone: (213) 576-5000
4  Facsimile: (213) 680-4470
   Email: pschwartz@gordonrees.com
5  Email: cwagner@gordonrees.com

6  Attorneys for Plaintiff
   INDIAN HARBOR INSURANCE COMPANY
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11 | INDIAN HARBOR INSURANCE        ) CASE NO. C 08 03272 PVT
   | COMPANY, a North Dakota        )
12 | corporation,                   )
   |                                )
13 |              Plaintiff,        ) STIPULATION AND [PROPOSED]
   |                                ) ORDER RE: STAY OF INSTANT
14 | vs.                            ) ACTION PENDING RESOLUTION
   |                                ) OF UNDERLYING ACTION
15 | CALABASAS FUNDING              )
   | CORPORATION dba CFC            )
16 | MORTGAGE BANKERS, a California )
   | corporation,                   )
17 |                                )
   |              Defendant.        )
18

19        WHEREAS, on July 8, 2008, 2008, plaintiff Indian Harbor Insurance
20 Company ("Indian Harbor") filed this declaratory relief action asserting that it does
21 not owe defendant CFC Mortgage Brokers ("CFC") defense or indemnity in
22 connection with the underlying action filed by First Franklin Financial Corporation
23 ("First Franklin") against CFC which is pending in the Superior Court of
24 California in and for the County of Santa Clara and is styled, *First Franklin*
25 *Financial Corp. v. Brian Troop, Calabasas Funding Corp., etc.*, Case No.
26 107CV099104 (the "Underlying Action");
27        WHEREAS, Indian Harbor's insurance coverage position with respect to the
28 Underlying Action was based upon the allegations contained in the original

1 complaint filed by First Franklin against CFC;

2 WHEREAS, on or about November 20, 2008, the Superior Court in the Underlying Action allowed First Franklin to file a first amended complaint against CFC which resulted in the assertion of several new causes of action against CFC in the Underlying Action;

WHEREAS, Indian Harbor and CFC agree that the instant declaratory relief action should be stayed pending resolution of the Underlying Action because, in light of the recent changes to the operative pleading in the Underlying Action, the coverage questions at issue in the instant action may turn on facts that must first be decided in the Underlying Action (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 301-302);

NOW, THEREFORE, Indian Harbor and CFC, by and through their counsel of record, hereby agree and stipulate as follows:

1. That the instant action should be immediately stayed pending resolution of the Underlying Action;

2. That all hearings on calendar in this action should be vacated, including the case management conference currently set for December 9, 2008 at 2:00 p.m. in Courtroom 5;

3. That, during the pendency of the stay, the parties will provide the Court with periodic status reports, if the Court desires such reports; and

4. The parties will immediately advise the Court of any change in the

//
//
//
//
//
//
//

status of the Underlying Action that might effect the instant case, such as resolution by settlement or judgment.

IT IS SO STIPULATED.

Dated: December /, 2008

GORDON & REES LLP

By: _____
PETER SCHWARTZ
CHRISTOPHER WAGNER
Attorneys for Plaintiff
INDIAN HARBOR INSURANCE COMPANY

Dated: December 1, 2008

MANFREDI, LEVINE, ECCLES & MILLER

By: _____
DON E. LANSON
Attorneys for CFC MORTGAGE BROKERS

## ORDER

GOOD CAUSE APPEARING, the Court makes the following order:

1. That the instant action should be immediately stayed;

2. That all hearings on calendar in this action are vacated, including the case management conference currently set for December 9, 2008 at 2:00 p.m. in Courtroom 5;

3. That, during the pendency of the stay, the parties must provide the Court with joint status reports every  90  days; and

4. Upon learning of any change in status of the Underlying Action, the parties must immediately advise the Court of the change and how the change will affect the instant action.

DATED: 12/2/08         _____
MAGISTRATE JUDGE PATRICIA V. TRUMBULL

3
STIPULATION AND [PROPOSED] ORDER RE: STAY OF INSTANT ACTION PENDING RESOLUTION OF UNDERLYING ACTION